441 A.2d 1340

Russell TRUMBAUER and Mary Louise Trumbauer and
Escapade Inc., t/a Mirage Cocktail Lounge

v.

ECK, KELLOW & COMPANY and Aetna Casualty & Surety
Company and Eck, Kellow & Company.

Appeal of AETNA CASUALTY & SURETY COMPANY.

Superior Court of Pennsylvania.

Argued March 31, 1981.

Filed Feb. 26, 1982.

George A. Hahalis, Bethlehem, for appellant.

John D. DiGiacomo, Easton, for Trumbauer, appellees.

Robert M. Davison, Bethlehem, for Kellow, appellee.

Before CERCONE, President Judge, and HESTER and JOHNSON, JJ.

PER CURIAM:

Appellees Russell Trumbauer and Mary Louise Trumbauer and Escapade, Inc., t/a Mirage Cocktail Lounge were sued in 1977 for allegedly serving alcoholic beverages to a person who was visibly intoxicated. A verdict was ultimately obtained as a result of the suit. Trumbauer subsequently filed an action for a declaratory judgment against appellant Aetna Casualty & Surety Company, since Aetna had previously denied coverage under the general liability policy in effect during the time period at issue. Aetna subsequently joined Eck, Kellow & Company as an additional defendant, pursuant to Pennsylvania Rule of Civil Procedure 2252(d), and also asserted a cross claim against Eck.

On September 8, 1980, the lower court granted declaratory relief, holding that the exclusion in the policy issued by Aetna relating to liquor law liability was ambiguous; and, since the exclusion must be strictly construed against Aetna, liquor law liability coverage was in effect during the period at issue.

On September 17, 1980, Aetna filed a Petition for Reconsideration with the lower court, requesting that the lower court address the issues relating to liability between Aetna and Eck, Kellow & Company. The lower court denied the Petition for Reconsideration stating "the basis of the decision obviates the necessity of addressing the arguments of counsel". The lower court never did address these issues, holding only that Aetna was responsible for coverage.

On the basis of the record before us, we are precluded from effectively reviewing all of the legal issues involved in this matter.

Even if the attempted exclusion was ineffective (which we do not reach at this time), it is still necessary to address the rights and liabilities which existed between Aetna and Eck, Kellow & Company.

Therefore, the Court of Common Pleas of Northampton County is hereby directed, within 30 days, to enter an Opinion and Order of Court, supplementing its Order of Court of September 8, 1980, as herein above set forth. This matter is remanded to the lower court for this sole purpose, and this Court retains jurisdiction over this matter. No further briefs or arguments from counsel of the respective parties will be necessary.